UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUISE CARDENAS,

       Plaintiff,

                                      Case No.12-13721

vs.                                  HON. GERSHWIN A. DRAIN

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (#17), OVERRULING PLAINTIFF'S OBJECTIONS (#18), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#15), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#11), AND DISMISSING PLAINTIFF'S CLAIMS

**I.    INTRODUCTION**

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Louise Cardenas' claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits. The matter was referred to Magistrate Judge Charles E. Binder, who issued a Report and Recommendation on July 25, 2013, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's findings and conclusions be affirmed. Plaintiff filed objections August 6, 2013. For the reasons that follow, the Court ACCEPTS Magistrate Judge Binder's recommendation.

## II.     PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed claim a for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on May 12, 2010.  Plaintiff alleges she became unable to work on July 31, 2005.  (Tr. At 109-115, 116-119).   After her claim was denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").   On May 31, 2011, the ALJ  held a hearing on Plaintiff's claims.  On June 30, 2011, the ALJ issued a decision denying Plaintiff's claim.

The Appeals Council of the Social Security Administration denied Plaintiff request for review of the ALJ's decision on July 12, 2012, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted).  Plaintiff  initiated this civil action with the Court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## III.    ANALYSIS

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Upon review of the administrative record, the parties' briefing, the Report and Recommendation, and Plaintiff's objections, the Court finds the Magistrate Judge reached the correct conclusion and substantial evidence supported the ALJ's decision.

Plaintiff's first objection is to the Magistrate Judge's summary of the administrative record. Plaintiff alleges the summary of the record does not reference significant and material evidence because the residual functional capacity ("RFC") and hypotheticals posed to the vocational expert ("VE") did not properly consider her vision impairments and complications associated with methicillin resistant staphylococcus aureus ("MRSA"). Plaintiff has unsuccessfully raised these same arguments in her Motion for Summary Judgment, which were reviewed and rejected by the Magistrate Judge.

The ALJ's first hypothetical to the VE was "expressly limited. . . to exclude jobs that require fine visual acuity." (R&R at 16). Regarding the effects of MRSA, the RFC is a tool used to describe the claimant's residual abilities, not their maladies. *Griffeth v. Comm'r of Soc. Sec.*, 217 F App'x 425, 429 (6th Cir. 2007). Although the ailments from which a claimant suffers inform the ALJ, they may or may not limit Plaintiff's ability to work. *Howard v. Comm's of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). The ALJ recognized MRSA as a severe impairment, but the record indicates plaintiff listed many activities in which she engages, such as driving, shopping (except on her bad days), cooking her own meals and caring for small children. (R&R at 16). The record contains no medical evidence regarding Ms. Cardenas' limitations because of MRSA. Rather, the record only indicates she receives an IV treatment for the disease. Therefore, the Magistrate Judge

correctly accounted for the Plaintiff's limitations and the hypotheticals and the RFC properly considered Plaintiff's ailments. Plaintiff's objection is unpersuasive and fails to establish the ALJ's decision was not based on substantial evidence.

Plaintiff's next objection is that the Magistrate Judge's analysis of her RFC was inadequate. This was also an unsuccessful argument raised in Plaintiff's Motion for Summary Judgment. Plaintiff again argues that the ALJ did not take into account the limitations associated with MRSA. As mentioned above, the ALJ characterized MRSA as a severe impairment, however, Plaintiff's medical records fail to provide any evidence of her limitations resulting from MRSA. Plaintiff mentions two hospitalizations in 2006 and 2007 that, along with complications from MRSA, affected her ability to sustain substantial gainful activity. During those visits, Plaintiff underwent treatment for a urinary tract infection, diabetes mellitus, and pancytopenia. The ALJ did not list these as severe in his assessment ailments. (Tr. At 16). Plaintiff provides no details of the length of her stays and what treatments she received. Furthermore, lab tests from her 2007 hospital stay did not show a diagnosis of pancytopenia. (Tr. 267). Thus the two hospital visits do not demonstrate her RFC was inaccurate. Given the extent of activities in which Plaintiff engages, the ALJ's analysis of Ms. Cardenas' RFC is adequate and supported by substantial evidence in the record. Plaintiff's objection is unpersuasive and fails to establish the ALJ's decision was not based on substantial evidence.

Plaintiff's final objection is that the Magistrate Judge's credibility analysis is flawed. This objection is the third and final attempt to revive an unsuccessful argument from Plaintiff's Motion for Summary Judgment. As a general matter, the credibility determination lies with the ALJ. *Siterlet v. Sec'y of Health and Human Servs*., 823 F.2d 918, 920 (6th Cir. 1987). Reviewing courts,

however, can reject the ALJ's credibility finding only if there is a "compelling reason." *Sims v. Comm'r of Soc. Sec.*, No. 09-5773, 2011 WL 180789, at *4 (6th Cir. Jan. 19, 2011) (citing *Smith v. Halter*, F.3d 377, 379 (6th Cir. 2001)). The ALJ can give less weight to an interested witness' testimony. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645, at *3 (6th Cir. Feb. 11, 1999) (unpublished).

When medical evidence alone cannot be the basis for a claimant's successful claim, the ALJ must weigh a claimant's credibility regarding his or her symptoms and pain pursuant to Social Security Ruling 96-7. *Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994). Consistency of evidence is also a factor in determining credibility. *Id.* (Applying SSR 96-7 factors to claimant testimony about pain and inability to conduct basic household chores). Unlike the claimant in *Felisky*, Plaintiff can perform household chores, conduct her own shopping and engage in a variety of other tasks. (R&R at 16). Plaintiff's objection fails because the record contains testimony that conflicts with her purported symptoms and pain. *Id.* Plaintiff fails to establish the ALJ's credibility determination was flawed because the record shows the ALJ applied the factors in SSR 96-7 to her testimony. Therefore, Plaintiff's objection fails to show the ALJ's decision was not based on substantial evidence.

This Court declines to reject Magistrate Judge Charles E. Binder's findings and conclusions based on Plaintiff's objections, which are overruled. Therefore, the Court adopts Magistrate Judge Charles E. Binder's July 25, 2013, Report and Recommendation in its entirety.

**IV.    CONCLUSION**

Accordingly, Plaintiff's objections are OVERRULED. Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate Charles E. Binder July 25, 2013 Report and

Recommendation [#17],GRANTS Defendant Commissioner's Motion for Summary Judgment [#15], DENIES Plaintiff Louise Cardenas' Motion for Summary Judgment [#11], and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated: August 22, 2013

S/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 22, 2013, by electronic and/or ordinary mail.
S/Tanya Bankston
Deputy Clerk